In the Matter of W.A.W., a Juvenile















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-055-CV

IN THE MATTER OF W.A.W., A JUVENILE,
 

From the County Court at Law
Coryell County, Texas
Trial Court # 1276
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â W.A.W judicially confessed to two counts of burglary of a building. See Tex. Pen. Code
Ann. Â§ 30.02(a)(3) (Vernon 1994). Pursuant to a plea agreement, the court placed him on
probation for one year. See Tex. Fam. Code Ann. Â§ 54.04(d)(1)(A) (Vernon 1996), Â§ 59.006
(Vernon 1996 & Supp. 1999). Two and one-half months later, the State filed a motion to modify
the disposition of his case. Id. Â§ 54.05(d) (Vernon 1996). After notice and hearing, the court
granted the motion, extended the term of probation until W.A.W.âs eighteenth birthday (an
additional two months), and required him to complete a boot camp program as an added condition
of probation. He appealed this modified disposition.
Â Â Â Â Â Â W.A.W. has now filed a motion to dismiss this appeal. In relevant portion, Rule 42.1(a)(2)
of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â W.A.W. states that he has completed the boot camp program and has been released to the
custody of his mother to complete the remainder of his term of probation. His mother and he have
both signed the motion thereby âagree[ing] that no purpose would be served by pursuing this
appeal.â The State has not filed a response to the motion. Accordingly, this cause is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed August 25, 1999
Do not publish



n of Kan., 489 U.S. 493, 509, 103 L. Ed. 2d 509, 109 S. Ct. 1262 (1989)).  

Texas state rules require preservation of error by
the complaining party at the trial court in order to raise an issue on appeal
and Section 263.405 of the Texas Family Code requires that a statement of
points of error on appeal by the parent is necessary in order for the appellate
court to consider an issue in a termination case where the Department is
involved.Â  However, section 1912 of the ICWA places the burden of determining
the issue of whether the ICWA applies on the Department and the trial court,
which is in conflict with the state rules regarding preservation of error by
the parent.Â  Compare 25 U.S.C.S. Â§ 1912 with Tex. R. Civ. P. 279 and Tex. R. App. P. 33.1.Â  Additionally,
section 1914 of the ICWA regarding post-judgment attacks on involuntary
terminations for violations of the notice requirements in ICWA are in conflict
with the Family Code requirements of bringing complaints in a statement of
points of error on appeal.Â  Compare 25 U.S.C.S. Â§ 1914 with Tex. Fam. Code Ann. Â§ 263.405(d) &
(i) (Vernon 2008).Â  We hold that the provisions of the ICWA allowing
post-judgment challenges to involuntary termination proceedings preempt the
Texas rules and statutes regarding preservation of error. 

Accordingly, we find that the protections
enumerated in the ICWA are mandatory as to the trial court and the Department,
that they preempt state law, and the failure to follow the ICWA may be raised
for the first time on appeal.Â  See 25 U.S.C.A. Â§ 1914 (Indian child,
parent of child, or tribe may petition any court of competent jurisdiction to
set aside involuntary termination for failure to comply with the ICWA).

Indian Child Welfare Act of 1978

Â Â Â  Â Â Â Â Â Â Â  Congress passed the Indian Child
Welfare Act in response to the Ârising concern in the mid-1970's over the
consequences to Indian children, Indian families, and Indian tribes of abusive
child welfare practices that resulted in the separation of large numbers of
Indian children from their families and tribes through adoption or foster care
placement, usually in non-Indian homes.ÂÂ  Miss. Band of Choctaw Indians v.
Holyfield, 490 U.S. 30, 32, 109 S. Ct. 1597, 1599-1600, 104 L. Ed. 2d 29
(1989); see also In re W.D.H., 43 S.W.3d at 34. Â The
ICWA applies to all state child custody proceedings involving an Indian child
when the court knows or has reason to know an Indian child is involved.Â  25
U.S.C.A. Â§ 1912(a); Doty-Jabbaar v. Dallas County Child Protective Servs.,
19 S.W.3d 870, 874 (Tex. App.ÂDallas 2000, pet. denied). Â And an Indian child is defined by the ICWA as an Âunmarried
person who is under age eighteen and is either (a) a member of an Indian tribe
or (b) is eligible for membership in an Indian tribe and is the biological
child of a member of an Indian tribe.ÂÂ  25 U.S.C.A. Â§ 1903(4).Â  The ICWA,
however, does not define what constitutes being a ÂmemberÂ or Âbeing eligible
for membership.ÂÂ  See 25 U.S.C.A. Â§ 1903(4).Â  Each tribe has its own
criteria for determining tribe membership.Â  See In re R.R., 294 S.W.3d 213,
217-18 (Tex. App.ÂFort Worth 2009, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  The Bureau of Indian Affairs has
created guidelines for state courts to use in Indian child custody proceedings
to assist with the interpretation of the ICWA.Â  See Bureau of Indian
Affairs Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.
Reg. 67,584 (Nov. 26, 1979).Â  While these guidelines do not have binding
legislative effect, two other courts of appeals have used the Guidelines in
interpreting the ICWA.Â  See In re R.R., 294 S.W.3d at 217; see also
Yavapai-Apache Tribe v. Mejia, 906 S.W.2d 152, 163-64 (Tex. App.ÂHouston [14th Dist.] 1995, orig. proceeding). 

Â Â Â Â Â Â Â Â Â Â Â  The Guidelines state that
Â[p]roceedings in state courts involving the custody of Indian children shall
follow strict procedures and meet stringent requirements to justify any result
in an individual case contrary to these preferences.ÂÂ  BIA Guidelines for State
Courts; Indian Child Custody Proceedings, 44 Fed. Reg. at 67,586.Â  The
Guidelines further direct that any ambiguities between the ICWA and all
regulations, guidelines, and state statutes relating to the ICWA shall be
resolved in favor of the result that is most consistent with the ICWAÂs
preferences of keeping Indian children with their families or other Indian
families.Â  Id.Â  

Â Â Â Â Â Â Â Â Â Â Â  Specific instructions are provided in
the guidelines for the determination of the status of an alleged Indian child.Â 
The burden is placed on the trial court to seek verification of the childÂs
status through either the Bureau of Indian affairs or the childÂs tribe.Â  Id. at 67,586 (Âthe court shall seek verification of the childÂs statusÂ).Â  Further,
the Guidelines provide that Â[c]ircumstances under which a state court has
reason to believe a child involved in a child custody proceeding is an Indian include
. . . (i) Any party to the case . . . informs the court that the child is an
Indian child. . . . (ii) Any public or state-licensed agency involved in child
protection services or family support has discovered information which suggests
that the child is an Indian child.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â Â Â  The commentary to section B.1. of the
Guidelines also indicates that it is the trial court's and
the petitioner's burden to make inquiry sufficient to affirmatively determine
whether the child is an Indian or not.Â  BIA Guidelines for State Courts; Indian
Child Custody Proceedings, 44 Fed. Reg. at 67,586.Â  

Therefore, we hold that it is the duty of the
trial court and the Department of Family and Protective Services to send notice
in any involuntary proceeding Âwhere the court knows or has reason to know that
an Indian child is involved.ÂÂ  25 C.F.R. Â§ 23.11 (2008).Â  The requirements of
the notice are enumerated in section 23.11, including the name of the Indian
child, the childÂs birthdate and birthplace, the name of the tribe or tribes in
which the child may be eligible for enrollment, Âall names known, and current
and former addresses of the Indian child's biological mother, biological
father, maternal and paternal grandparents and great grandparents . . .
including maiden, married and former names or aliases; birthdates; places of
birth and death; tribal enrollment numbers and/or other identifying
information.ÂÂ  Id. Â§ 23.11(d)(1)-(4).Â  

Section 23.11 also requires that the notice be
sent to the Âappropriate Area DirectorÂ and the Secretary of the Interior.Â  Id. Â§ 23.11(a), (b), and (f).Â  Upon receiving the notice, the Secretary of the
Interior or his designee is obliged to make reasonable documented efforts to
locate and notify the tribe within fifteen days or to notify the trial court
how much time is needed to complete the search for the childÂs tribe.Â  Id. Â§ 23.11(f).Â  

The Notice

Â Â Â Â Â Â Â Â Â Â Â  The case involving A.M.C. was
originally filed in Hill County on January 17, 2008 and transferred to McLennan County on June 13, 2008 after the birth and subsequent removal of J.J.C. in McLennan County.Â  It is unclear from the record as to what triggered the DepartmentÂs
inquiry into the status of A.M.C. as an Indian child in Hill County; however, the Department, through one of its attorneys in Austin, sent a notice pursuant
to ICWA and filed a copy of it with the trial court in the Hill County case on May 8, 2008.Â  According to the report attached to the notice, the
caseworker for the Department prepared her report with the childÂs information
to be sent pursuant to the ICWA on April 7, 2008. 

According to the Guidelines, we find that the
trial court had reason to believe that A.M.C. and J.J.C. are Indian children
because a public or state-licensed agency involved in child protection services
or family support, the Department, discovered information that the children's
maternal grandmother was alleged to be a member of the Chippewa Indian Nation
which suggests that A.M.C. and J.J.C. are Indian children. BIA Guidelines for
State Courts; Indian Child Custody Proceedings, 44 Fed. Reg. at 67,586. Â Once the trial court had reason to believe that A.M.C. and
J.J.C. were Indian children, the notice provisions of the ICWA were triggered
and are mandatory.Â  Id. (providing that when a state court has reason to
believe a child involved in a child custody proceeding is an Indian, the court shall
seek verification of the child's status from either the BIA or the child's
tribe (emphasis added)). 

Â Â Â Â Â Â Â Â Â Â Â  The notice sent regarding A.M.C. lists
multiple persons and agencies notified of this cause; however, the notice does
not contain all of the information required in section 23.11.Â  25 C.F.R. Â§
23.11.Â  Some of this information was available to the Department such as the
childÂs birthplace.Â  The motherÂs maiden name and prior addresses were not
included nor was her place of birth.Â  The only ancestral information included
was that of LauraÂ mother, which consisted of her name, date of birth, reported
tribe (Chippewa) and membership number.Â  The record is silent as to any
response by any tribe, the Area Director, or the Secretary of the Interior.Â 
Further, no additional notice was sent regarding a different court date than
the one listed nor notification that the cause had been transferred prior to
the date listed in the notice for the next hearing.

Â Â Â Â Â Â Â Â Â Â Â  It is undisputed that there was not a
notice sent to any person at any time regarding J.J.C.Â  It is further
undisputed that there was no compliance with the other requirements of the ICWA
at the trial, such as the requirements of experts in Indian cultural issues or
a finding beyond a reasonable doubt at the termination hearing that the
Âcontinued custody of the child by the parent or Indian custodian is likely to
result in serious emotional or physical damage to the child.ÂÂ  25 U.S.C.S. Â§
1912(f).

Â Â Â Â Â Â Â Â Â Â Â  The trial courtÂs application of the
ICWA is a question of law, which we review de novo.Â  See In re W.D.H.,
43 S.W.3d 30, 33 (Tex. App.ÂHouston [14th Dist.] 2001, pet. denied).Â  A
violation of the ICWA notice provisions may be a cause for invalidating the
termination proceedings at some future point in time.Â  See 25 U.S.C.A. Â§
1914 (providing that Â[a]ny Indian child who is the subject of any action for .
. . termination of parental rights under State law, any parent . . . from whose
custody such child was removed, and the Indian child's tribe may petition any
court of competent jurisdiction to invalidate such action upon a showing that
such action violated any provision of sections 1911, 1912, and 1913 of this
titleÂ); see also In re W.D.H., 43 S.W.3d at 38-39 (recognizing parent
of Indian child has standing to challenge adequacy of notice even though tribe
declined to join suit).

Â Â Â Â Â Â Â Â Â Â Â  The State contends that any failures
to comply with the ICWA were harmless.Â  However, in light of the explicit
language of the ICWA and the Guidelines, we do not find this argument has any
merit.Â Â  We sustain LauraÂs first issue that the trial court erred in failing
to properly notify the tribe as required by the ICWA.Â  Because of our holding
regarding the failure to properly send notice as required by the ICWA, we do
not address LauraÂs second, third, and fourth issues.

The Remedy

Â Â Â Â Â Â Â Â Â Â Â  We agree with the Fort Worth Court of
Appeals that the proper remedy in this situation is to remand the case so that
proper notice may be provided, and that we will conditionally affirm the
termination judgment in the event that it is determined that A.M.C. and J.J.C.
are not Indian children.Â  See In re R.R., Jr., 294 S.W.3d at 227; Tex. R. App. P. 44.4.

Â Â Â Â Â Â Â Â Â Â Â  Laura attached exhibits to her brief
to this Court that included an affidavit from the director of the Indian Child
Welfare Office of the White Earth Band of Ojibwe confirming LauraÂs membership
in the tribe and other documentation, which indicate that the children are
eligible for membership in the tribe.Â  The State has not objected to those
exhibits.Â  However, we believe it is more appropriate for the trial court to
determine this issue.

Â Â Â Â Â Â Â Â Â Â Â  We will abate this appeal and remand
this case to the trial court.Â  The trial court will ensure that proper notice
that complies with the statutory notice requisites shall be provided.Â  The
trial court shall then conduct a hearing to determine whether A.M.C. and J.J.C.
are Indian children under the ICWA.Â  See Tex. R. App. P. 44.4 (appellate court
shall not reverse or affirm judgment if trial court can correct erroneous
failure to act, and appellate court authorized to direct trial court to correct
erroneous failure to act and to then proceed as if erroneous failure to act had
not occurred).Â  We order that the records generated by the hearing in the trial
court be supplemented in this Court.Â  After we receive this supplemental
record, this appeal will be reinstated.Â  If, after proper notice and a hearing,
the trial court has determined that A.M.C. and J.J.C. are not Indian children,
then we will issue a judgment affirming the trial court's termination
judgment.Â  See Tex. R. App. P.
43.2(a).Â  If, after notice and hearing, the trial court determines that A.M.C.
and J.J.C. are Indian children, then this court shall issue a judgment
reversing the trial court's termination judgment, and the trial court shall
conduct a new trial applying the ICWA.Â  See Tex. R. App. P. 43.2(d).

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that the trial court did have
reason to believe that A.M.C. and J.J.C. were Indian children and that the
trial court erred in failing to ensure that proper notice was given to the
appropriate individuals and agencies.Â  We abate this cause to the trial court
as stated above.Â  If, after notice and a hearing, the trial court determines
that A.M.C. and J.J.C are not Indian children, then the termination order will
be affirmed.Â  If, after notice and a hearing, the trial court determines that
A.M.C. and J.J.C are Indian children, then the termination judgment of the
trial court will be reversed and the trial court must conduct a new trial
applying the requirements and standards of the ICWA.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Davis

Abated

Opinion delivered and
filed December 30, 2009

[CV06]









[1]
The father of the children, David C., executed affidavits of relinquishment and
is not appealing the termination of his parental rights.